**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:10CV-551-JHM**

ROBIN GASKIN                                                                          PLAINTIFF

V.

DAVID A. MOORE                                                                      DEFENDANT
and
HONEYWELL
INTERNATIONAL, INC.                            DEFENDANT/ THIRD-PARTY PLAINTIFF

V.

BENJAMIN WELLS and PAUL'S
FRUIT MARKET, INC.                                          THIRD-PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff, Robin Gaskin, for leave to amend

her complaint to assert a claim against Third-Party Defendants, Benjamin Wells and Paul's Fruit

Market, Inc., pursuant to Fed. R. Civ. P. 15 [DN 32] and a motion by Third-Party Defendants for

leave to file a surreply [DN 40]. The Court grants the motion by Third-Party Defendants for leave

to file a surreply. The surreply has been considered in determining Plaintiff's motion to amend her

complaint.

**BACKGROUND**

On July 28, 2010, Plaintiff, Robin Gaskin ("Gaskin"), filed suit against Defendants,

Honeywell International and David Moore ("Moore"), in Jefferson Circuit Court. Gaskin alleged

that on November 19, 2009, Moore, a driver for Honeywell International, negligently rear-ended a

vehicle being operated by Benjamin Wells causing it to collide with Gaskin's vehicle. Defendants

removed this action from Jefferson Circuit Court to this Court on August 20, 2010. The

jurisdictional basis for removal was diversity of citizenship. On April 12, 2011, Honeywell International filed a third-party complaint against Benjamin Wells and his employer, Paul's Fruit Market. Gaskin subsequently filed the instant motion to amend the complaint to assert a negligence claim against Wells and a vicarious liability claim against Paul's Fruit Market. Wells is a citizen and resident of Kentucky and Paul's Fruit Market is a company with its principal place of business located in Kentucky. Wells and Paul's Fruit Market filed an objection to the motion to amend arguing that the motion should be denied because (1) the proposed amendments are futile and (2) allowing Gaskin to assert claims against them would destroy subject matter jurisdiction.

## FUTILITY OF THE AMENDMENT

Initially, the Court rejects the Third-Party Defendants' argument that the proposed amendments are futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun County, Michigan, 408 F.3d 803, 817 (6th Cir. 2005). Plaintiff asserts a negligence claim against Wells for failing to maintain proper control of his vehicle after it was struck by Defendant Moore's vehicle. Asserting that Well's was in the scope of his employment at the time of the accident, Plaintiff also asserts a vicarious liability claim against his employer. Plaintiff sets forth sufficient facts to state plausible claims for negligence and vicariously liability in her amended complaint.

## DESTRUCTION OF SUBJECT MATTER JURISDICTION

Diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" of the parties. Collins ex rel. Collins v. National General Ins. Co., 2010 WL 4259949, *1 (E.D. Mich. Oct. 25, 2010)(citing Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir.1999)). "Where a case originally filed in state court has been removed to federal court pursuant to 28 U.S.C.

§ 1441 and where jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332, amendment of the complaint to join nondiverse parties will destroy the court's jurisdiction and necessitate remand to the state court." Collins, 2010 WL 4259949, *1 (citing 28 U.S.C. § 1447(e); Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 541 (6th Cir. 2006); New Cannon Clocks v. U.S. Fidelity & Guaranty, 904 F. Supp. 621 (E.D. Mich.1995)). Specifically, 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

In reviewing the motion to amend a complaint under § 1447(e), the Court must consider the diverse defendants' interest in selecting a federal forum, together with the following four factors: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." Siedlik v. Stanley Works, Inc., 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002)(citing Wells v. Certainteed Corp., 950 F. Supp. 200, 201 (E.D. Mich.1997)); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987); Collins, 2010 WL 4259949, * 2; J. Lewis Cooper Co. v. Diageo North America, Inc., 370 F. Supp. 2d 613, *618 (E.D. Mich. 2005).

After consideration of these factors, the Court finds that Plaintiff's motion for leave to amend should be granted. No evidence exists that the purpose of the amended complaint is to defeat jurisdiction. In fact, only after some discovery and Defendant Honeywell's filing of a third-party complaint against the nondiverse parties did Plaintiff seek to amend her complaint. The record reflects that Moore, Wells, and Gaskin were involved in the accident in question. Plaintiff has a right

3

to "select [her] causes of action[] and advance theories against the parties of [her] choosing."  J. Lewis Cooper Co., 370 F. Supp.2d at 619.  While the addition of Wells and Paul's Fruit Market will defeat subject matter jurisdiction, the purpose of the amendment is to preserve any negligence claims against these parties.  Additionally, there is no evidence that Plaintiff was dilatory in seeking the amendment.  The amended complaint was filed within the applicable statute of limitations.

Finally, Plaintiff could suffer prejudice if she is not permitted to proceed against all the Defendants in one forum. Honeywell filed a third-party complaint against Wells and Paul's Fruit Market asserting claims for "indemnity, apportionment, and contribution" and essentially preserving its right to an apportionment instruction.  If Honeywell were to prove at trial that Wells caused the accident, but Gaskin had failed to sue the Third-Party Defendants, any damages the jury attributed to them would not be recoverable.  Instead, if not permitted to amend her complaint,  Plaintiff would be forced to sue Wells and Paul's Fruit Market in state court to preserve her claims against them.  Parallel lawsuits would be a waste of judicial resources and would increase expenses for the parties.  For these reasons, the Court will permit the amended complaint.  Because the Court has permitted the post-removal joinder of nondiverse defendants, complete diversity is destroyed and therefore remand to the Jefferson Circuit Court is required.  See Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 540-541 (6th Cir. 2006)(citing 28 U.S.C. § 1447(c)).

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Third-Party Defendants to file a surreply [DN 40] is **GRANTED**.  **IT IS FURTHER ORDERED** that the motion by Plaintiff for leave to amend her complaint [DN 32] is **GRANTED.**  The Clerk of the Court shall docket Plaintiff's tendered Amended Complaint.  This matter is **REMANDED** to the

4

Jefferson Circuit Court.

cc: counsel of record
    Jefferson Circuit Court